UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN ANN MINER,

    Plaintiff,

vs.

CHASE AUTO FINANCE; JP MORGAN CHASE BANK, N.A.; and ALL FLORIDA RECOVERY OF CENTRAL FLORIDA, INC.,

    Defendants.

Case No. 6:25-cv-437-CEM-RMN

## ORDER

This matter is before the Court without oral argument on two motions filed by Plaintiff, Susan Ann Miner, who is proceeding pro se. The first is a motion for a verified bill of discovery. Dkt. 29. The second is a motion for a verified bill for account. Dkt. 30. The motions appear to request the Court to issue orders requiring the production of documents or information. Dkts. 29 at 2–3 (demanding production of documents from parties and nonparties), 30 at 1–2 (demanding an accounting and appointment of special master).

The motions do not comply with the requirements of the Federal Rules of Civil Procedure or the Local Rules. Litigants who wish to obtain information or documents from opposing parties must follow the procedures set forth in the Federal Rules of Civil Procedure. Among other things, those rules prohibit parties from seeking discovery prior to an initial Rule 26(f) conference except in certain circumstances, including "by court order." *See* Fed. R. Civ. P. 26(d)(1).

The Court has "broad discretion" in the scheduling of discovery. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Generally, courts reviewing motions for early discovery look at whether the movant has established "good cause" for the discovery. *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623–24 (N.D. Ill. 2000)). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (citing *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275–76 (N.D. Cal. 2002)).

This case is at the beginning. Plaintiff has not served all Defendants. Only one defendant has appeared. The parties have not filed a case management report. Discovery is thus not authorized by Rule 26(d)(1).

Neither motion demonstrates good cause for early discovery. Plaintiff broadly requests discovery, but she does not provide any citation to legal authority for such requests. Nor does Plaintiff propose using the mechanisms provided by the Federal Rules. The motions also do not describe the requested discovery or the target of the discovery with particularity. The motions are therefore due to be denied.

Additionally, all motions must comply with the requirements of the Local Rules. Local Rule 3.01(a) requires every motion to "include—in a single document no longer than twenty-five pages inclusive of all parts—a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request." Subsection (g) requires litigants to confer with opposing counsel before filing any motion—except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, or to certify a class—and include a certification that states the movant has conferred with the opposing party, whether the parties agree on all or part of the relieve requested, and if opposed, the means by which the conference occurred. All flings must also conform to certain typography requirements. *See* Local Rule 1.08.

The motions do not contain the required memorandum of law or a certificate of conferral. Nor do they conform to the typography requirements of Local Rule 1.08. The motions are due to be denied on these grounds too.

The Court recommends that Plaintiff consider consulting the resources available for litigants without lawyers. Plaintiff may visit the Court's website (www.flmd.uscourts.gov) for resources for unrepresented litigants, including a *Guide for Proceeding Without a Lawyer*. Plaintiff may also get a copy of the *Guide* at the clerk's office. In addition, the Orlando Chapter of the Federal Bar Association operates a Legal Information Program that affords litigants proceeding in federal court without lawyers an opportunity to meet with lawyers to ask general questions about procedures governing cases in federal court. More information about the program, including instructions about how to schedule an appointment, is available on the Court's website at https://www.flmd.uscourts.gov/legal-information-program.

Accordingly, it is **ORDERED**:

1. Plaintiff's Verified Bill of Discovery in Chancery (Dkt. 29) is **DENIED**; and

2. Plaintiff's Verified Bill for Account in Chancery (Dkt. 30) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 13, 2025.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Susan Ann Miner
3700 Branton Drive
Oviedo, Florida 32765

Counsel of Record